# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CALVIN AYRE,  CASE NO.:

           Plaintiff,

vs.

DOES 1-9,

           Defendants.
_____/

## COMPLAINT

Plaintiff, Calvin Ayre ("Ayre" or "Plaintiff"), sues Defendants, Does 1 through 9 (collectively, "Defendants"), and alleges:

### NATURE OF THE ACTION

1. This is an action for injunctive relief and damages arising out of Defendants' malicious and unlawful actions, including upon information and belief, defamation and conspiracy. Defendants, whose identity is presently unknown, and who have engaged in an intentional scheme to conceal their identity, are believed to have authored, commissioned the publication of, or have directly published, numerous knowingly false statements regarding Plaintiff. The person or persons responsible for publishing the false statements on the website located at CoinControversy.com have refused to remove the articles containing defamatory statements, while continuing efforts to conceal their identities. Plaintiff believes that Defendants have engaged in such conduct in an organized and coordinated fashion in order to cause harm to Plaintiff's personal and professional reputation.

## THE PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is a citizen of Canada and Antigua who currently resides in Antigua and Barbuda.

3. Defendants are the individuals or entities responsible for authoring, commissioning and/or publishing the false and defamatory statements at issue in this action appearing on CoinControversy.com.

4. Defendants' true names and capacity, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff. Based upon statements made by at least one of the Does, at least one of the Defendants is a citizen of and resides in the United States. For instance, the Registrant of CoinControversy.com, the website publishing the false and defamatory statements, is identified to be based in Pennsylvania. CoinControversy.com itself identifies "Bill W" as a "[p]roud American and Founder of CoinControversy."

5. Once Plaintiff discovers the true names of, capacity, and activities attributable to each of the Defendants, Plaintiff will amend this Complaint to include such detail.

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because, upon information and belief, there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy, exclusive of interest and costs, exceeds $75,000, USD.

7. This Court has personal jurisdiction over Defendants pursuant to pursuant to Fla. Stat. §48.193(1)(a)(2) because, upon information and belief, they have committed tortious acts within Florida.

8. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. §1391.

**FACTUAL BACKGROUND**

9. Plaintiff is a successful entrepreneur and businessman, who has launched numerous successful and reputable companies.

10. Plaintiff is highly respected throughout the world, including in Antigua and Barbuda where he currently resides, as both a businessman and philanthropist. Antigua and Barbuda have recognized Plaintiff's experience and business acumen, naming him a Special Economic Envoy for Antigua and Barbuda and regularly seeking his advice on financial matters and blockchain technology.

11. Commencing in or about October 2022, and continuing through the present, Plaintiff has been the victim of a vicious cyber-defamation campaign.

12. Upon information and belief, Defendants set out to intentionally defame and damage Plaintiff's personal and professional reputation. To that end, upon information and belief, Defendants authored, commissioned and/or published a series of articles containing false and defamatory statements regarding Plaintiff on the website CoinControversy.com (collectively, the "Defamatory Articles").

13. The author of the Defamatory Articles is identified only as "Bill W." On CoinControversy.com, "Bill W" is described as an "American" and the "Founder of CoinControversy." However, the CoinControversy.com website provides no further identifying information for "Bill W" or any other Defendants.

14. The Defamatory Articles contain numerous false and defamatory statements portraying Plaintiff as a scam artist. The Articles also contain numerous inaccurate and false statements regarding Plaintiff's business ventures. This is actively harming Plaintiff's personal and professional reputation.

15.   The Defamatory Articles include the following:

   a.   On or about October 21, 2022, Defendants published an article entitled "Hodlonaut Wins Defamation Trial Against Faketoshi: What to Know" on CoinControversy.com (which appears at the URL https://coincontroversy.com/hodlonaut-wins-defamation-trial-against-faketoshi-what-to-know/).  This article falsely claims, *inter alia,* that Plaintiff is a "shady online casino businessman" whose statements regarding the cryptocurrency BSV are a "fraud."

   b.   On or about January 11, 2023, Defendants published an article entitled "Robinhood Delists BSV, Causing a 9% Plunge in its Price" on CoinControversy.com (which appears at the URL https://coincontroversy.com/robinhood-delists-bsv-causing-a-plunge-in-its-price/).  In this article, Defendants falsely claim, *inter alia,* that the cryptocurrency BSV is a "scam started in 2018 by…shady gambling mogul [Plaintiff]…," and that Plaintiff was funding "fraudulent activities…."

   c.   On or about March 14, 2023, Defendants published an article entitled "Lightning Sharks Exposed: The Secret BSV Marketing Machine" on CoinControversy.com (which appears at the URL https://coincontroversy.com/lightning-sharks-exposed-the-secret-bsv-marketing-machine/).  This article falsely claims, *inter alia,* that Plaintiff "hires paid shills from an obscure marketing agency" as part of an effort to "keep the BSV scam alive."

   d.   On or about May 2, 2023, Defendants published an article entitled "Whalechart Exposed: Uncovering the Secrets Behind One of Crypto's Most

Infamous Scammers" on CoinControversy.com (which appears at the URL https://coincontroversy.com/whalechart-exposed-uncovering-the-secrets-behind-one-of-cryptos-most-infamous-scammers/).  In this article, Defendants falsely claim, *inter alia,* that: (1) the cryptocurrency BSV is a "pathetic scam[]" run by *inter alia* Plaintiff; and (2) that Plaintiff has the ability to "freeze and reassign (steal) people's BSV."

  e. On or about August 10, 2023, Defendants published an article entitled "BSV Was Doomed From the Start:  5 Reasons For Its Rapid Decline" on CoinControversy.com (which appears at the URL https://coincontroversy.com/bsv-was-doomed-from-the-start-5-reasons-for-its-rapid-decline/).   In this article, Defendants falsely claim, *inter alia,* that Plaintiff intended the BSV cryptocurrency to be "a scam for patent trolling and stealing coins," and compared the "fraud perpetrated by…Plaintiff" to notorious individuals like former FTX CEO Sam Bankman-Fried.

  f. On or about September 2, 2023, Defendants took full aim at Plaintiff by publishing an article entitled "RockWallet Exposed:  A Deep Dive Into [Plaintiff]'s Shady Crypto Exchange" on CoinControversy.com (which appears at the URL https://coincontroversy.com/rockwallet-exposed-a-deep-dive-into-calvin-ayres-shady-crypto-exchange/).  In this article, Defendants falsely accuse Plaintiff, *inter alia,* of "employ[ing] a number of dishonest tactics," and falsely claim that RockWallet is the Plaintiff's "shady crypto exchange."  The Defendants also falsely claimed that it was "apparent to onlookers that [Plaintiff] runs the show," and that "there is evidence to prove this definitively" (despite no such evidence being identified in the article).

After receiving a demand letter, Defendants attempted to soften this language by falsely asserting that "there appears to be evidence supporting [Plaintiff] having high influence in RockWallet." Ultimately, Defendants have no legitimate basis for suggesting or implying that Plaintiff owns or otherwise has influence over RockWallet, and no legitimate basis for suggesting that RockWallet is a "shady crypto exchange." The article also falsely claims that Ron Tarter, a "person with significant control of RockWallet," is the head lawyer of Plaintiff's family office.

16. Upon information and belief, these false and defamatory statements in the Defamatory Articles were made with the intent to injure Plaintiff by damaging his personal and professional reputation and were made with knowledge that the statements were false or in reckless disregard of whether or not they were false.

17. Moreover, it is apparent Defendants conspired to tarnish Plaintiff's reputation, as the timing of the ongoing publication of the numerous Articles suggests that Defendants' actions were coordinated and part of a concerted and calculated effort to cause harm to Plaintiff.

18. Plaintiff attempted to contact the person(s) responsible for the CoinConspiracy.com website, the publisher of the Articles. The CoinConspiracy.com domain name is registered in such a way to conceal the true identity of the registrant of the domain name. However, Plaintiff was able to send correspondence to CoinControvery.com's advertised general email, mail@coincontroversy.com, on October 6, 2023.

19. In this correspondence, Plaintiff notified Defendants of the false and defamatory statements appearing in the Defamatory Articles, and requested that Defendants remove the defamatory statements from the website. In response, Defendants: (1) denied that the Articles contained defamatory materials; (2) argued that false statements of fact were matters of opinion;

6

and (3) refused to identify who was responsible for the publication of the Defamatory Articles and where such person(s) were located. However, Defendants did indicate that they would be making "some adjustments to the contents" of the Defamatory Articles without specifying what adjustments would be made. Ultimately, some of the specific references to Plaintiff were changed, but to date, many of the false and defamatory statements concerning Plaintiff remain in the Defamatory Articles.

## **COUNT I**
*Defamation*

20. Plaintiff restates the allegations in Paragraph 1 through 19 above as if fully set forth herein.

21. Commencing in or about October 2022, Defendants have undertaken a course of conduct calculated to damage Plaintiff's personal and professional reputation.

22. Specifically, Defendants published false and defamatory statements regarding Plaintiff in the Defamatory Articles.

23. The statements that Defendants published concerning Plaintiff in the Defamatory Articles are false and were false when made.

24. Such statements were made negligently, maliciously, with the wrongful and willful intent of injuring Plaintiff's personal and professional reputation, and with the knowledge that the statements were false or in reckless disregard of whether or not they were false.

25. The published statements in the Defamatory Articles were made of and concerning Plaintiff and were so understood by those who read Defendants' publication of them.

26. Defendants knew or should have known that the statements were injurious to Plaintiff's personal and professional reputation.

27. The statements in the Defamatory Articles are defamatory per se because they expressly or impliedly impute to Plaintiff corruption, fraud, deceit, and the commission of criminal offenses.

28. Defendants' defamation of Plaintiff have caused, and unless enjoined will continue to cause, Plaintiff to suffer irreparable harm for which he has no adequate remedy at law.

29. As a direct and proximate result of these false statements, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, serious injury to his reputation, both personal and professional.

**COUNT II**
*Conspiracy*

30. Plaintiff restates the allegations set forth in Paragraph 1 through 19 as if fully set forth herein.

31. Upon information and belief, Defendants had a common purpose and goal of unlawfully authoring, commissioning, publishing, promoting, and/or distributing false and defamatory statements of and concerning Plaintiff.

32. In furtherance of that goal, Defendants took overt acts in furtherance of their common goals and purposes, including the coordinated publication of numerous online articles, including the Defamatory Articles, containing false and defamatory statements regarding Plaintiff.

33. Defendants knew or should have known that the false statements about Plaintiff in the Defamatory Articles were false.

34. Defendants' conspiracy to defame Plaintiff have caused, and unless enjoined will continue to cause, Plaintiff to suffer irreparable harm for which he has no adequate remedy at law.

35. Defendants' actions have also caused Plaintiff to suffer damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants as follows:

    A. Awarding Plaintiff compensatory, special, and punitive damages, in amounts to be proven at trial, plus pre-judgment and post-judgment interest;

    B. Awarding Plaintiff its costs associated with this action;

    C. Granting Plaintiff injunctive relief requiring, *inter alia,* that Defendants withdraw the defamatory statements regarding Plaintiff, to publish retractions, and prohibiting Defendants from publishing or republishing false and defamatory statements regarding Plaintiff in the future; and

    D. Such other and further relief as the Court deems appropriate.

Respectfully submitted,

COZEN O'CONNOR

By: /s/ Samuel A. Lewis
_____
Samuel A. Lewis / Fla. Bar No. 55360
Email: slewis@cozen.com
COZEN O'CONNOR
Southeast Financial Center, 30th Floor
200 South Biscayne Blvd.
Miami, Florida 33131
Tel: 305-397-0799

***Counsel for Plaintiff***