**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CALVIN AYRE,   CASE NO.: 1:23-cv-24341-DPG

        Plaintiff,

vs.

DOES 1-9

        Defendants.
_____/

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff, Calvin Ayre, respectfully submits this response to the Court's Order to Show Cause rendered November 16, 2023 [ECF No. 4] ("Order to Show Cause").

**I.    INTRODUCTION.**

In the Order to Show Cause, the Court raised two fundamental issues. First, whether a plaintiff must plead the identity of the person to whom defamatory statements have been made. Second, whether Plaintiff has properly identified the Defendants.

In response to the first issue, and as explained herein, Plaintiff's Complaint adequately alleges a claim for defamation consistent with the requirements imposed under Rule 8 and binding precedent.

In response to the second issue, Plaintiff respectfully suggests that this action falls within the well-settled exception to fictitious party pleading that arises where a defendant's true identity is unknown but ascertainable through discovery. Under such circumstances, it is appropriate to allow a plaintiff to discovery the true identity of the defendant, and to amend the complaint once such information has been obtained.

Accordingly, Plaintiff respectfully suggests that this Response demonstrates good cause why this action should not be dismissed.

## II.     RELEVANT FACTUAL BACKGROUND.

This case arises from the publication of defamatory statements in articles appearing on a website, CoinControversy.com.  The only authorship information associated with the website and the articles is a person or persons publishing under the name "Bill W."  However, the information identifying the precise persons who read the articles containing defamatory statements is entirely within the control of "Bill W" and/or the other operators of the website CoinControversy.com.

As alleged in the Complaint, the Defendant(s) is/are the author and publisher of defamatory statements. *See, e.g.,* Complaint, ¶¶ 3, 12.  However, the person(s) responsible for publication of the CoinControversy.com website, and "Bill W," have refused to identify themselves other than saying that they are a "[p]roud American and Founder of CoinControversy." *Id.,* ¶¶ 4, 13.  The Complaint further details that the person(s) associated with CoinControversy.com have taken steps to conceal their true identity, including registering the domain name in such a way to conceal the registrant's true identity. *See Id.*, ¶ 18.

The Complaint specifically identifies the articles containing the defamatory statements, including the publication dates and the URLs associated with the articles, and quotes some of the defamatory statements published in those articles. *See* Complaint, ¶¶ 15(a)-(f). As more thoroughly discussed in Section III.A. below, that is all that Plaintiff must allege to satisfy Rule 8 pleading requirements.

Plaintiff anticipates that discovery from the web hosting provider associated with CoinControversy.com and from various social media companies will ultimately reveal the identity of "Bill W" and/or the other persons responsible for operating the CoinControversy.com website and the defamatory statements published on that website.  Likewise, Plaintiff anticipates that discovery from Defendant(s) will reveal the IP addresses of the person(s) who read the defamatory

statements published on CoinControversy.com, and provide some insight into the size of the audience that Defendants reached.

Plaintiff has already started the process of seeking the discovery that will allow Plaintiff to amend its Complaint to specifically identify the Defendants by name. Plaintiff has issued subpoenas to various companies in an effort to unmask the Defendant(s). Once this discovery reveals the true identity of the Defendants, Plaintiff will amend the Complaint to specifically name the Defendants to this action. At that time, Plaintiff will also drop the reference to the Doe Defendants so that Plaintiff may proceed with the merits of the action.

Under such circumstances, and consistent with the case law discussed below, Plaintiff respectfully suggests that this case should not be dismissed. Rather, Plaintiff respectfully suggests that he should be permitted to obtain the discovery necessary to obtain the real names of the person or persons responsible for publication of defamatory statements.

**III. ARGUMENT.**

    **A. Federal Pleading Requirements Do Not Require A Plaintiff To Identify The Individuals To Whom Defamatory Statements Were Made.**

        **1. The Complaint Complies With Federal Pleading Requirements.**

As the Court noted, "[i]n a defamation case, 'a plaintiff must allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred.'" *Five for Entertainment S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1328 (S.D. Fla. 2012) (*quoting Morrison v. Morgan Stanley Props.*, No. 06-CV-80751, 2008 WL 1771871, at *10 (S.D. Fla. Apr. 15, 2008)). Consistent with such requirements, the instant Complaint sufficiently identifies and describes the defamatory statements at issue. *See* Complaint, ¶¶ 15(a)-(f). Specifically, the Complaint identifies six (6) different articles containing false and defamatory statements regarding Plaintiff, including the publication date, the publication

URL, and quotes or otherwise identifies some of the defamatory statements published in each article. *Id*. Thus, the Complaint adequately alleges facts to identify the defamatory statements at issue.[1]

Accordingly, Plaintiff respectfully suggests that by pleading facts to adequately describe the defamatory statements at issue, he has satisfied Rule 8.

**2.     Neither Federal Pleading Requirements Nor Binding Precedent Require The Identification Of The Person(s) To Whom Defamatory Statements Have Been Made.**

Neither Rule 8 nor binding precedent require Plaintiff to identify the specific person(s) to whom a statement has been made in a complaint alleging defamation. *Caster v. Hennessey*, 781 F.2d 1569, 1570 (11th Cir. 1986); *Selinger v. Kimera Labs, Inc.*, No. 20-CV-24267, 2022 WL 34444, at *10 (S.D. Fla. Jan. 3, 2022), report and recommendation adopted, No. 1:20-CV-24267, 2022 WL 220063 (S.D. Fla. Jan. 25, 2022) (declining to dismiss defamation complaint that did not specifically identify to whom the statements were made to because "the amended complaint need not allege the identity of the publication's recipient…"); *see also Grlpwr, LLC v. Rodriguez*, No. 3:23CV16480-TKW-HTC, 2023 WL 5666203, at *6 (N.D. Fla. Aug. 25, 2023) ("when pleading a Florida defamation claim in federal court, the plaintiff must allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred. Beyond that further factual pleading is not required by Rule 8, such as the identification of the person or category of persons who received the publication at issue." (quoting *Selinger,* 2022 WL 34444, at *10 (internal quotations omitted))).

Plaintiff respectfully suggests that any reference to *Ward v. Triple Canopy, Inc.*, 8:17-CV-802-T-24 MAP, 2017 WL 3149431, at *3 (M.D. Fla. July 25, 2017), and the related state court

---

[1] As discussed in Section III.B., *infra*, the true identity of the Defendants is presently unknown because the Defendants have actively concealed such information.

4

decision to which it cites, *Buckner v. Lower Fla. Keys Hosp. Dist.*, 403 So. 2d 1025, 1027 (Fla. 3d DCA 1981), is misplaced.  The *Ward* Court applied the state pleading standard as set forth in *Buckner*, and opined that "[u]nder Florida law, a defamation plaintiff must plead the 'identity of the particular person to whom the remarks were made with a reasonable degree of certainty' to afford the defendant "enough information to determine affirmative defenses." *Ward,* 2017 WL 3149431, at *3 (quoting *Buckner,* 403 So.2d at 1027).  However, a more recent decision—which this Court adopted—rejected the defamation pleading standard imposed by *Buckner*. *Selinger v. Kimera Labs, Inc.*, No. 20-CV-24267, 2022 WL 34444, at *10 (S.D. Fla. Jan. 3, 2022), report and recommendation adopted, No. 1:20-CV-24267, 2022 WL 220063 (S.D. Fla. Jan. 25, 2022).

In *Selinger,* the defendants argued that under cases like *Buckner,* the plaintiff was "required to plead the identity of the publication's recipient to properly state a claim." *Selinger*, 2022 WL 34444, at *10.  The plaintiff, however, pointed out that the "pleading requirement [in *Buckner*] is a creature of Florida civil procedure, which does not apply in federal court." *Id.*  Ultimately, Magistrate Judge Torres opined that the Eleventh Circuit's opinion in *Caster* controlled, and that the plaintiff "***need not allege the identity of the publication's recipient***, as required by Florida courts." *Selinger,* 2022 WL 34444, at *10 (emphasis added).  As this Court adopted Magistrate Judge Torres' Report and Recommendation in *Selinger,* Plaintiff respectfully suggests that the pleading standards in *Caster* control, and that any reference to *Ward* is misplaced.

Accordingly, consistent with *Caster* and *Selinger*, Plaintiff is not obligated to allege the identity of the person(s) to whom the defamatory statements were made in order to satisfy federal pleading requirements.

### B. The Court Should Permit Discovery To Identify The True Identity Of The Defendants.

Plaintiff respectfully suggests that there is a difference between suing fictitious parties as contemplated in *Richardson v. Johnson,* 598 F.3d 734, 738 (11th Cir. 2010), and suing real parties under a fictitious name.[2] *Dean v. Barber,* 951 F.2d 1210, 1215-16 (11th Cir. 1992). As the Eleventh Circuit opined in *Dean,* "[t]here may be times when, for one reason or another, the plaintiff is unwilling or unable to use a party's real name. Also, one may be able to describe an individual (e.g., the driver of an automobile) without stating his name precisely or correctly." *Dean*, 951 F.2d at 1215-16.

There is a well-settled exception to the general view against fictitious party pleading where the identity of the fictitious defendants could be discerned in discovery based on the plaintiff's allegations. *See, e.g., Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1361 (S.D. Fla. 2009) ("However, situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, ***the plaintiff should be given an opportunity through discovery to identify the unknown defendants***, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." (emphasis added)); *McDermott v. Brevard Cnty. Sheriff's Off.,* No. 6:07-CV-150-0RL-31KR, 2007 WL 948430, at *3 (M.D. Fla. Mar. 27, 2007) (declining to dismiss doe defendants when plaintiffs responded that the names of such defendants were not yet available to them and would be discerned only through discovery); *Daleo v. Polk County Sheriff,* 2012 WL 1805501 (M.D. Fla. May 17, 2012) (holding that fictitious defendants were allowed where their

---

[2] Even in *Richardson,* the Eleventh Circuit recognized that there are exceptions to the rule against fictitious party pleading. *See, e.g., Richardson,* 598 F.3d at 738 (recognizing an exception "when the plaintiff's description of the defendant is so specific to be at the very worst, surplusage." (quotations omitted)).

6

identities were not known and could be readily determined through discovery).!!Plaintiff respectfully suggests that this exception applies in the instant action.

### 1. Defendants Have Purposefully Concealed Their Identities, and The Complaint Describes the Defendants With All Available Information.

In the Complaint, Plaintiff identifies the Defendants with as much particularity as possible, given that Defendants have taken deliberate and purposeful steps to conceal their identity. First, the CoinControversy.com domain name is registered in such a way to conceal the true identity of the registrant of the domain name. Complaint, ¶ 18. As such, Plaintiff attempted to discover Defendants' identities before filing the subject Complaint. *Id*. Plaintiff was able to locate a general email address for CoinControversy.com, and sent correspondence to that address on October 6, 2023. *Id*. However, Defendants continued to conceal their true identities, refusing to identify who was responsible for the defamatory statements and where such person(s) were located. Complaint, ¶ 19.

Due to Defendants' actions, Plaintiff was unable to identify the Defendants by their real names. However, Plaintiff did identify the Defendants as the individuals or entities responsible for authoring, commissioning, and publishing the false and defamatory statements at issue that appeared on CoinControversy.com. Complaint, ¶ 4. Additionally, the Complaint alleges that CoinControversy.com identifies a "Bill W" as a "[p]roud and Founder of CoinControversy." *Id*. Plaintiff's descriptions of the Defendants provide enough detail and are temporarily appropriate as to survive dismissal, as Plaintiff anticipates that he will discover the true identities of the Defendants through discovery, and be in a position to amend the Complaint to replace the references to Does with the Defendants' real names.[3]

---

[3] Moreover, in circumstances where factual information relevant to a claim is within the defendant's knowledge or control, the Rules apply pleading standards less stringently. *See, e.g., Hill v. Morehouse Med. Assocs., Inc.,* 2003 WL 22019936 at *3 (11th Cir.) (Rule 9(b)'s heightened

### 2. Defendants' True Identities Will be Ascertained Through Discovery.

The Complaint satisfies the second exception to the general rule against fictitious party pleading because the identity of the Defendants will be revealed through the Court's subpoena power. It is well settled that fictitious party pleading is allowed when the doe defendants could be identified in discovery and through the court's subpoena power. For example, in *Dean v. Barber*, the Eleventh Circuit held the district court erred when it relied on the general prohibition against fictitious party to deny plaintiff's motion to add a new doe defendant because, under the circumstances, the identity of the doe defendant would be revealed in discovery. 951 F.2d 1210, 1215–16 (11th Cir. 1992); *see also*, *McDermott v. Brevard Cnty. Sheriff's Off.,* No. 6:07-CV-150-0RL-31KR, 2007 WL 948430, at *3 (M.D. Fla. Mar. 27, 2007) (declining to dismiss complaint and allowing plaintiff to discovery defendant's identity in discovery); *Jackson v. Gonzalez*, No. 19-CV-61410, 2020 WL 5578956, at *4 (S.D. Fla. Sept. 2, 2020), report and recommendation adopted, No. 19-61410-CIV, 2020 WL 5572694 (S.D. Fla. Sept. 17, 2020) ("…a plaintiff may proceed against an unnamed or fictitious defendant only when the it is clear that discovery will uncover the defendant's identity, or when the plaintiff's description of the individual is sufficiently clear to allow service of process on that defendant."); *Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1361 (S.D. Fla. 2009) (explaining that, in situations where the defendants' identities will not be known prior to the filing of a complaint, the plaintiff should be allowed to use discovery to identify the unknown defendants).

---

pleading standard may be applied less stringently when specific "factual information [about the fraud] is peculiarly within the defendant's knowledge or control." (quoting *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga., Inc.*, 755 F.Supp. 1040, 1052 (S.D. Ga.)); *see also U.S. ex rel. Heater v. Holy Cross Hosp., Inc.,* 510 F.Supp.2d 1027, 1036 (S.D. Fla. 2007) (denying motion to dismiss when "documentation necessary to plead [the] case are peculiarly within [Defendant's] control….").

Here, the Complaint makes explicitly clear that the Defendants are real individuals, and that their identities are discoverable. *See* Complaint, ¶¶ 3-4. Similar to the plaintiffs in *McDermott* and *Tracfone Wireless, Inc.*, the names of Defendants are not yet available to Plaintiff, and can only be ascertained through discovery. Moreover, the identities of Defendants are unavailable to Plaintiff because Defendants took deliberate and purposeful steps to hide their identities. *See* Complaint, ¶¶ 18-19. Because of this, the Complaint should not be dismissed, and Plaintiff "should be given an opportunity through discovery to identify the unknown defendants…." *Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1361 (S.D. Fla. 2009). Once their identities are discovered, Plaintiff will amend the Complaint to include the names of each Defendant. *See Brown v. TranSouth Fin. Corp.*, 897 F. Supp. 1398, 1401 (M.D. Ala. 1995) (permitting the amendment of a complaint in a diversity case, to allow joinder under the true name of a defendant originally cited as a "John Doe" defendant, but whose name had since been discovered within a reasonable time thereafter by the plaintiff). Indeed, the Complaint indicates Plaintiff will file an Amended Complaint once the true identities of each Defendant is ascertained. Complaint, ¶ 5 ("Once Plaintiff discovers the true name of, capacity, and activities attributable to each of the Defendants, Plaintiff will amend this Complaint to include such detail.").

Plaintiff cannot discover the identity of Defendants without the Court's subpoena power. Therefore, practically, Plaintiff will be prevented from bring suit if Plaintiff is barred from naming Doe Defendants. If Plaintiff cannot bring suit against Defendants for their unlawful actions, Plaintiff will continue to suffer harm to his personal and professional reputation. Courts reject such an unjust outcome. *See, e.g., Quad Int'l, Inc. v. Doe*, No. CIV.A. 12-674-N, 2013 WL 718448, at *3 (S.D. Ala. Jan. 7, 2013) (allowing fictitious party pleading when the "plaintiff knows of no party defendant which could be named and thus cannot otherwise bring suit…").

This Court should allow Plaintiff to ascertain the identity of each Defendant, and amend the Complaint once their identities have been discovered.[4]

## IV.   CONCLUSION.

For the reasons set forth herein, Plaintiff respectfully suggests that he has shown good cause why this action should not be dismissed. Accordingly, Plaintiff respectfully requests that this Court render an Order permitting Plaintiff to proceed with discovery to identify the true identity of the Defendants.

Respectfully submitted,

COZEN O'CONNOR

By: /s/ Samuel A. Lewis
Samuel A. Lewis / Fla. Bar No. 55360
Email: slewis@cozen.com
COZEN O'CONNOR
Southeast Financial Center, 30th Floor
200 South Biscayne Blvd.
Miami, Florida 33131
Tel: 305-397-0799

***Counsel for Plaintiff***

---

[4] Discovery is also allowed to establish citizenship of defendants for purposes of diversity jurisdiction. *See, e.g., Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982); *Bluewater Constr., Inc. v. CBI Acquisitions, LLC*, No. 8:19-CV-1508-T-33AEP, 2019 WL 13182386, at *2 (M.D. Fla. Sept. 13, 2019) ("Due to the likelihood that discovery of this information will allow Bluewater to resolve any doubts about the existence of diversity jurisdiction in this case, the Court finds that limited jurisdictional discovery is appropriate."). Once Plaintiff discovers the identity of each Defendant, the Amended Complaint will contain allegations to establish diversity jurisdiction. Diversity will almost surely be revealed, as Plaintiff is a citizen of Canada and Antigua and currently resides in Antigua (Complaint ¶ 2), and the registrant of CoinControvesy.com identifies as a "[p]roud American". Complaint ¶ 4.